**SKOLNICK v. SWAGART et al.**

No. 802.

Municipal Court of Appeals for the District of Columbia.

Argued May 9, 1949.

Decided June 3, 1949.

---

Henry H. Brylawski, Washington, D. C., with whom Philip Rosenfeld, Washington, D. C., was on the brief, for appellant.

Richard W. Galiher, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD, and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, hereafter called plaintiff, is a physician. Appellees, hereafter called defendants, are partners in the ownership of a grill or restaurant. At the time here in question a Mrs. Suthard was employed by defendants as manager of the grill and a Miss Dean was employed there as a waitress. In the course of her employment Miss Dean injured her hand and by reason of the District of Columbia Workmen's Compensation Act [1] defendants were required to furnish her such medical services as the nature of her injury required.

Defendants carried compensation insurance and the insurance carrier had furnished to them a list containing the names of a number of physicians to whom employees should be referred in case of injury. Miss Dean was referred to one of those physicians, a Dr. Smith, who gave her one treatment, describing the injury as an infection of the right index finger. This treatment did not effect a cure. The infection became worse and six days later Miss Dean consulted plaintiff, whose name was not on the list of physicians furnished by the insurance carrier. He found her suffering from acute cellulitis. Before treating her he called the grill and spoke to Mrs. Suthard and asked if it was all right for him to treat Miss Dean. According to his testimony Mrs. Suthard replied that "as long as the patient would retain him it was all right." He then gave Miss Dean an immediate treatment and nine other treatments thereafter, including ten penicillin injections and the taking of an X-ray.

Plaintiff received from the insurance carrier a form which he filled out, showing his treatments, and returned it to the carrier. He sent a bill for his services to defendants, and upon their refusal to pay brought this action against them to recover for his services.

Mr. Swagart, one of the defendants, testified that the practice at the grill was to refer an injured employee to one of the doctors on the list furnished by the insurance carrier, and this list was posted in the office of the grill, and all employees, including Mrs. Suthard, were instructed not to depart from this list; that Mrs. Suthard had no authority to authorize any doctor, except those on the list, to treat an employee; that Mrs. Suthard was manager of the grill and either she or the bookkeeper filled out the required compensation forms. Neither Mrs. Suthard nor Miss Dean was available as a witness at the trial.

There were received in evidence copies of the compensation reports made by the defendants, by Dr. Smith and by plaintiff. Dr. Smith's report showed that he treated the employee on April 25 and plaintiff's report showed his treatments began on May 1. The defendants' report, signed by Mrs. Suthard as manager, contained the following questions and answers:

"25. Did you provide or authorize medical attention? Yes. When? April 25, 1947

"26. Physician M. Howard Skolnick, M.D., Dr. 900-17th N.W.,"

The trial court made a general finding for the defendants and entered judgment in their favor. Two issues are raised on this appeal. Did defendants' manager authorize plaintiff to treat the employee at defendants' expense? If so, are defendants bound by their manager's authorization?

[1] Code 1940, 36—501, making applicable to the District of Columbia the Long- shoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

With respect to the authorization we think the manager's statement to plaintiff must be considered an authorization to treat the employee at defendant's expense. It seems plain that the only purpose of plaintiff's call was to obtain such authorization. He needed no authority from defendants to treat the employee at her own expense. The purpose of his call was obvious, and the only reasonable interpretation of the manager's reply is that it amounted to an authorization to treat the employee. There was no occasion or reason to tell plaintiff it was all right to treat the employee at her own expense. Under these circumstances, if the manager had intended to refuse the requested authority it was her duty to have made the refusal definite and clear. The subsequent actions of the manager indicate that she interpreted her reply as authorizing treatment by plaintiff, for in making the report for her employers she gave plaintiff's name as the physician, after stating medical attention had been provided or authorized. It is true the date given in answer to No. 25 was the date of treatment by Dr. Smith, but the naming of plaintiff as the physician is far more significant than the giving of the date. Furthermore, we think it significant that in describing the employee's injury in the report, the manager used the description given by plaintiff in his report instead of the description given by Dr. Smith in his report, and some weight must be given to the fact that defendants' insurance carrier called on plaintiff to fill out an "attending physician's report." All the evidence leads to the conclusion that the plaintiff sought defendants' authorization and received a reply indicating that such authority was given and that both plaintiff and defendants acted thereafter on the basis that such authority had in fact been given.

With respect to whether defendants are bound by the authority given by their manager, we think they are bound despite their instructions to her not to go beyond the list of physicians furnished by the insurance carrier. She was the manager of the business, having general supervision over it, including hiring and discharging of employees, and at least in a general way the handling of compensation matters. Her authorization of plaintiff, though contrary to the directions of defendants, was binding on them.[2]

In our opinion plaintiff was entitled to a judgment for the reasonable value of his services. The trial court did not pass upon the question of the value of the services and the case must be sent back for a new trial.

Reversed with instructions to award a new trial.

---

[2] Restatement, Agency, § 161; 2 Am.Jur., Agency, § 346; 2 C.J.S., Agency, § 95.